HARDY, Judge.
This is an action for the recovery of personal injury and property damage sustained as the result of an automobile collision allegedly caused by the negligence of defendant’s minor son. From judgment in favor of defendant rejecting plaintiff’s demands she has appealed.
The accident occurred on the night of November 9, 1962, on a private parking lot adjoining the Mohawk Tavern in the City of Monroe. Plaintiff alleged that while standing by her ■ parked car defendant’s minor son, driving a Chevrolet automobile at a reckless rate of speed into the parking lot, struck her car, causing the injuries to her person and damage to the automobile, for which she seeks recovery. The issue presented is purely factual, and, as stated in brief of counsel for plaintiff, the conclusion must depend upon “ * * * whether the court believes plaintiff’s witnesses or defendant’s witnesses.”
On trial of the case five eye witnesses testified as to the manner of occurrence of the accident. Plaintiff testified in her behalf and attempted to corroborate her testimony with that of a friend, Mrs. McDaniel, whose car was also parked on the Mohawlc parking lot. The version of the accident as given by these witnesses was positively contradicted by the testimony of defendant’s son and his two companions, Johnson and Ethridge, who were passengers sitting on the front seat of the car with him at the time of the occurrence. In his reasons for judgment the district judge made the following pertinent observation:
“The question involved in this case is purely a question of fact and the factual question must be resolved by deciding which of the two stories is believable as they are opposed to each other and irreconcilable.”
The trial judge in commenting upon the credibility of the testimony of the plaintiff observed that she was a “difficult witness on the stand”; that her testimony “seemed circuitous and defensive”, and that she had knowingly given a false report to the investigating police officer immediately after the occurrence of the accident.
Our review of the record bears out the above observations of the trial judge, and we are impressed with a serious doubt as to whether plaintiff’s witness, Mrs. McDaniel, actually observed the occurrence of the collision. We are further in accord with the finding of the trial judge that the testimony of defendant’s minor son and his companion, Ethridge, was straightforward and believable. It was stipulated on trial that young Johnson, if called as a witness, would testify substantially in accordance with the testimony of Biedenharn and Ethridge.
It is clear not only that plaintiff woefully failed to establish negligence on the part of defendant’s minor, but that the evidence on behalf of the defendant substantially preponderates. The testimony in the record refutes plaintiff’s contention that she was standing by the side of her parked car at the time of the collision. We are firmly convinced that the accident was not caused by the reckless driving of young Biedenharn but by the negligence of plaintiff in backing her car into the approaching Biedenharn vehicle.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.